UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RALPH NADER,<br>    Plaintiff<br><br>v.<br><br>COMMISSION ON PRESIDENTIAL<br>DEBATES, PAUL G. KIRK, JR., FRANK<br>J. FAHREMKOPF, JR., JOHN VEZERIS<br>and SGT. CHARLES MCPHAIL | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 0012145WGY

DEFENDANT SGT. CHARLES MCPHAIL'S ANSWERS
TO AMENDED COMPLAINT AND REQUEST FOR JURY DEMAND

1. In response to Paragraph 1 Defendant states that it contains averments of law which do not require a responsive pleading, but to the extent they do, they are denied.

2. The Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. In response to Paragraph 3 Defendant states that it contains averments of law which do not require a responsive pleading, but to the extent they do, they are denied.

4. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies same.

5. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies same.

6. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies same.



7. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies same.

8. The Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies same.

10. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies same.

11. The Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies same.

13. The Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendant denies that Plaintiff had a valid ticket. The Defendant is without sufficient information on which to form a belief as to the truth of the remainder of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies same.

15. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies same.

16. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies same.

17. In response to Paragraph 17 of Plaintiff's Complaint, Defendant admits that Mr. Vezeris identified himself as security consultant for the commission; that he and Mr. Vezeris met with Mr. Nader upon his disembarkment from the shuttle bus; and that there were other uniformed state police officers in the area. Defendant denies that there was a confrontation.

18. In response to Paragraph 18 of Plaintiff's Complaint, Defendant admits that Mr. Vezeris advised Mr. Nader that he did not have a ticket and was not invited. Defendant cannot state that the quoted language is exactly accurate and therefore denies same.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendant states that he asked Mr. Nader if it was his intent to be arrested. Mr. Nader stated that it was not and left.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendant admits that Mr. Nader was the only person spoken to from that shuttle bus about the validity of their ticket. Again, there was no confrontation and Sergeant McPhail was advised by the Commission's representative that Mr. Nader did not have a valid ticket for entry.

21. The Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies same.

23. In response to Paragraph 23 of Plaintiff's Complaint, Defendant admits that Mr. Nader left campus on a shuttle bus and arrived a second time. He again sought entry and was similarly told he had to leave. He was offered a ride by State Police which he accepted. The State Police drove Mr. Nader to his hotel. Defendant is without any information as to Plaintiff's conversation with Fox News and therefore denies same. The Defendant denies the remainder of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore denies same.

25. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies same.

26. The Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. The Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies same.

29. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore denies same.

30. In response to Paragraph 30 of Plaintiff's Complaint Defendant admits the second sentence of paragraph 30. The Defendant is without sufficient information on which to form a belief as to the truth of the remainder of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies same.

31. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore denies same.

32. The Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. The Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. In response to Paragraph 34 of Plaintiff's Complaint, Defendant realleges and incorporates by reference his answers to Paragraphs 1 through 33 above.

35. In response to Paragraph 35 of Plaintiff's Complaint, Defendant denies that Mr. Nader was prevented from contacting the media. Defendant admits that he acted as a police officer in advising Mr. Nader that he would have to leave since he did not have a valid ticket for entry. The Defendant denies the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. The Defendant is without sufficient information on which to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiffs Complaint and therefore denies same.

37. The Defendant denies that allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. In response to Paragraph 38 Defendant states that it contains averments of law which do not require a responsive pleading, but to the extent they do, they are denied.

39. The Defendant denies that allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. The Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. The Defendant denies that allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. In response to Paragraph 42 of Plaintiff's Complaint, Defendant realleges and incorporates by reference his answers to Paragraphs 1 through 41 above.

43. In response to Paragraph 43, Defendant states that it contains averments of law which do not require a responsive pleading, but to the extent they do, they are denied.

44. The Defendant admits the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant admits the first sentence and denies the second sentence of Paragraph 45 of Plaintiff's Complaint.

46. In response to Paragraph 46 of Plaintiff's Complaint, Defendant admits that Defendant Vezeris advised him that Mr. Nader did not have a valid ticket or permission to enter the debate area. The Defendant is without sufficient information on which to form a belief as to the truth of the remainder of the allegations contained in Paragraph 46 of Plaintiff's Complaint and therefore denies same.

47. The Defendant denies that allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. The Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. The Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff has failed to state a cause of action upon which relief may be granted and therefore this Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b) (6).

### Second Affirmative Defense

The actions complained of do not rise to the level of constitutional deprivation.

### Third Affirmative Defense

By way of affirmative defense, the Defendant says that he was privileged in his conduct and acts, and that therefore the plaintiff cannot recover.

### Fourth Affirmative Defense

The Defendant has qualified immunity from this suit as the alleged acts complained of occurred within the scope of Defendant's official duties and Defendant had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of Plaintiff's rights at the time they were committed.

### Jury Demand

Defendant demands a jury trial on all triable issues.

WHEREFORE, the Defendant requests that this Court deny each and every prayer of relief requested by Plaintiff, dismiss this action and award Defendant such other and further relief, including attorney's fees and costs, as this court may deem appropriate.

Respectfully submitted,
For Defendant Sgt. Charles McPhail,
By his attorneys,

THE LAW OFFICES OF TIMOTHY M. BURKE

Brian Rogal, Esq.
BBO #424920
160 Gould Street, Ste. 111
Needham, MA 02494
(781) 455-0707

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been served upon each other attorney of record by mailing first class, postage pre-paid.

Date: 3/22/01