UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RALPH NADER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSION ON PRESIDENTIAL )<br>DEBATES, PAUL G. KIRK, JR., )<br>FRANK J. FAHRENKOPF, JR., )<br>JOHN VEZERIS, and SGT CHARLES )<br>McPHAIL, in his individual capacity, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 00-12145-WGY |

### ANSWER OF DEFENDANTS COMMISSION ON PRESIDENTIAL DEBATES, PAUL G. KIRK, JR., AND FRANK J. FAHRENKOPF, JR., TO AMENDED COMPLAINT

Defendants Commission on Presidential Debates ("CPD"), Paul G. Kirk, Jr. and Frank J. Fahrenkopf, Jr. (hereinafter, collectively, "the CPD Defendants"), by and through their attorneys, answer the Amended Complaint as follows:

### INTRODUCTION

1. The CPD Defendants admit that Ralph Nader was the Green Party candidate for the Office of President of the United States, that he purports to bring an action for violation of his civil rights under state and federal law, and that the presidential debates conducted by the CPD were non-partisan. To the extent the averments in Paragraph 1 constitute legal argument, no response is required. The CPD Defendants deny Paragraph 1 in all other respects.



2.     The CPD Defendants deny the averments of Paragraph 2.

**JURISDICTION**

3.     Paragraph 3 asserts a legal conclusion to which no response is required.

**PARTIES**

4.     The CPD Defendants admit that Mr. Nader was the Green Party candidate for the Office of President of the United States in the year 2000. The CPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and, accordingly, deny them.

5.     The CPD Defendants deny the averments of Paragraph 5 as stated and aver that the CPD is a not-for-profit corporation organized under the laws of the District of Columbia dedicated to attempting to sponsor, for the benefit of the electorate, debates between the leading candidates for the offices of President and Vice President of the United States. The CPD receives no funding from the government or from any political party. It funds its voter education activities through private donations, which come from corporate and non-corporate donors. The CPD determines to whom it will extend an invitation to debate by applying pre-published, non-partisan candidate selection criteria adopted in conformity with regulations promulgated by the Federal Election Commission ("FEC").

6.     The CPD Defendants deny that Mr. Kirk is a resident of the District of Columbia, but otherwise admit the averments of Paragraph 6.

7. The CPD Defendants admit that Mr. Vezeris was hired as a security consultant by the CPD. The first sentence of Paragraph 7 asserts a legal conclusion to which no response is required.

8. On information and belief, the CPD Defendants admit the averments of the first sentence of Paragraph 8. The second sentence of Paragraph 8 asserts a legal conclusion to which no response is required

**FACTS**

9. The CPD Defendants deny the averments set forth in Paragraph 9 as stated. Further, to the extent those averments constitute legal argument, no response is required. The CPD Defendants aver that the CPD sponsored three presidential and one vice presidential debates in the 2000 general election and that it conducted those debates in conformity with applicable FEC regulations.

10. The CPD Defendants admit the averments of Paragraph 10.

11. The CPD Defendants admit that the Commission sponsored three presidential debates in 2000 as well as one vice-presidential debate, that the first of the presidential debates was conducted in the Clark Athletic Center ("Clark") on the campus of the University of Massachusetts-Boston ("UMass"), and that UMass is a state university.

12. The CPD Defendants admit that there was a live audience admitted by invitation only that viewed the debate in the room in which the debate was held and those audience members were subjected to security screening. The CPD Defendants deny the remaining averments set forth in Paragraph 12.

13. The CPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, accordingly, deny them.

14. The CPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, accordingly, deny them.

15. The CPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, accordingly, deny them.

16. The CPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, accordingly, deny them.

17. Upon information and belief, the CPD Defendants admit that Mr. Vezeris, in his capacity as a security consultant for the CPD, and Mr. McPhail met Mr. Nader in the vicinity of the Clark Athletic Center. The CPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, accordingly, deny them.

18. The CPD Defendants admit that the CPD had determined, in order to prevent disruption of the debate, that plaintiff would not be permitted to enter Clark and, on information and belief, Vezeris so informed plaintiff. The CPD Defendants are without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph 18 and, accordingly, deny them.

19. The CPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, accordingly, deny them.

20. The CPD Defendants deny the averments of the last sentence of Paragraph 20. The CPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and, accordingly, deny them.

21. The CPD Defendants deny the averments of Paragraph 21.

22. The vagueness of the allegations in Paragraph 22 makes it impossible for the CPD Defendants to respond and, accordingly, the CPD Defendants deny them.

23. Upon information and belief, the CPD Defendants deny that Mr. Nader was barred from entering the UMass campus. The CPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and, accordingly, deny them.

24. The CPD Defendants are unaware of any public figures who lacked proper credentials who were permitted to enter the secure area of the UMass campus, and, accordingly, the CPD Defendants deny the averments of Paragraph 24.

25. Defendants CPD and Fahrenkopf are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and, accordingly, deny them. Defendant Kirk admits that he responded briefly to some questions posed by a reporter on the evening of the October 3 debate but denies that the language that Paragraph 25 purports to quote is a full and accurate quotation of what Mr. Kirk said to the reporter.

26. Upon information and belief, the CPD Defendants deny the averments of Paragraph 26.

27. The CPD Defendants deny the averments of Paragraph 27.

28. The CPD Defendants admit, upon information and belief, that certain union members were outside the secured perimeter area supporting Democratic Party candidate Al Gore. The CPD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, accordingly, deny them.

29. The CPD Defendants deny the averments of Paragraph 29.

30. The CPD Defendants deny the averments of Paragraph 30.

31. The CPD Defendants admit that the averments set forth in Paragraph 31 summarize criticisms plaintiff has made. The CPD defendants deny the averments of Paragraph 31.

32. The CPD Defendants deny the averments of Paragraph 32.

33. The CPD Defendants admit that Mr. Nader was campaigning as the Green Party candidate for President of the United States. The vagueness of the

second sentence of Paragraph 33 makes it impossible for the CPD Defendants to respond and, accordingly, the CPD Defendants deny them. The CPD Defendants deny the remaining averments of Paragraph 33.

### COUNT ONE: M.G.L. C. 12, §11I

34.     The CPD Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1-33 set forth above.

35.     Upon information and belief, the CPD Defendants deny the averments of Paragraph 35.

36.     The vagueness of the allegations in Paragraph 36 make it impossible for the CPD Defendants to respond and, accordingly, the CPD Defendants deny them.

37.     The CPD Defendants deny the averments of Paragraph 37.

38.     Paragraph 38 states a legal conclusion to which no response is required.

39.     The CPD Defendants deny the averments of Paragraph 39.

40.     The CPD Defendants deny the averments of Paragraph 40.

41.     The CPD Defendants deny the averments of Paragraph 41.

## COUNT TWO: 42 U.S.C. §1983

42.   The CPD Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1-41 set forth above.

43.   The allegations set forth in Paragraph 43 state a legal conclusion to which no response is required.

44.   The allegations set forth in Paragraph 44 state a legal conclusion to which no response is required.

45.   The CPD Defendants admit that Mr. Vezeris was hired as a security consultant by the Commission. The CPD Defendants deny the remaining averments of Paragraph 45.

46.   The CPD Defendants deny the averments of Paragraph 46.

47.   The allegations set forth in Paragraph 47 state a legal conclusion to which no response is required.

48.   The CPD Defendants deny the averments of Paragraph 48.

49.   The CPD Defendants deny the averments of Paragraph 49.

50.   Defendants CPD, Kirk and Fahrenkopf deny any and all allegations of the Amended Complaint which are not expressly admitted herein.

## FIRST DEFENSE

Each of the counts of the Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The conduct and actions of the CPD Defendants in relation to Mr. Nader were reasonable and fully justified.

## THIRD DEFENSE

Plaintiff's conduct contributed to the injuries and damages he alleges.

## FOURTH DEFENSE

Plaintiff could have avoided his alleged confrontation with Mr. Vezeris, Officer McPhail, and others.

## FIFTH DEFENSE

Defendants were not engaged in state action.

## SIXTH DEFENSE

Plaintiff suffered no injury. In the alternative, to the extent he was injured, any such injury was his own fault or the fault of parties other than the CPD Defendants.

## SEVENTH DEFENSE

To the extent plaintiff suffered any injury, he failed to mitigate his alleged damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred and/or limited by the doctrine of unclean hands.

WHEREFORE, Defendants Commission on Presidential Debates, Paul G. Kirk, Jr. and Frank J. Fahrenkopf, Jr. respectfully ask that the Court enter judgment in their favor, and award to them their costs, attorneys fees, and such other relief as the Court may find appropriate.

Dated:     April 5, 2001

Respectfully Submitted,

_____
John S. Stadler (BBO# 548485)
A. Damien Puller (BBO# 633746)
NIXON PEABODY LLP
101 Federal Street
Boston, MA 02210
(617) 345-1000

*Andrew H. Marks
*David M. Schnorrenberg
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500

*Subject to Court approval of pending application for admission

Counsel for Defendants Commission on Presidential Debates, Paul G. Kirk, Jr., and Frank J. Fahrenkopf, Jr.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (HAND) ON 4/5/01

1793488