UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RALPH NADER,<br>      Plaintiff,<br><br>      v.<br><br>COMMISSION ON PRESIDENTIAL<br>DEBATES, PAUL G. KIRK, JR.,<br>FRANK J. FAHRENKOPF, JR.,<br>JOHN VEZERIS and<br>SGT. CHARLES MCPHAIL,<br>in his individual capacity,<br><br>      Defendants. | CIVIL ACTION<br>NO. 0012145-WGY |

### ORDER

YOUNG, C.J.                                                              February 14, 2002

On February 12, 2002, the defendants, The Commission on Presidential Debates ("The Commission"), Paul G. Kirk, Jr. ("Mr. Kirk"), Frank J. Fahrenkopf, Jr. ("Mr. Fahrenkopf"), John Vezeris ("Mr. Vezeris"), and Massachusetts State police sergeant Charles McPhail ("Sgt. McPhail") argued motions for summary judgment against the plaintiff Ralph Nader ("Mr. Nader"). As trial is set for March 4, 2002, it is imperative that the pending motions promptly be resolved.

1. Insofar as the complaint alleges some impropriety pertaining to Mr. Nader's attempts to rendevous with Fox News representatives, summary judgment was GRANTED from the bench as to all defendants.



2. The motion of Sgt. McPhail for summary judgment, docket # 67, was GRANTED from the bench. Upon reflection, however, the grounds for the ruling were somewhat ineptly stated. Upon the summary judgment record here, Mr. Nader has alleged a deprivation of a constitutional right by Sgt. McPhail and that right -- the right to be free from state-sanctioned retaliation (or denied equal protection of the laws) on the basis of one's political speech -- was clearly established at the time of the alleged violation. Qualified immunity is thus inappropriate, whatever the Court may have said from the bench. Kelley v. Laforce, ___ F.3d ___, 2002 WL 181337 at *3-*5 (1st Cir. Feb. 8, 2002). Nevertheless, summary judgment was appropriate since, while material disputed facts must be resolved by a jury, id. at *3, taking the entire summary judgment record and drawing all inferences in Mr. Nader's favor, that record is simply inadequate as matter of law to permit the conclusion that Sgt. McPhail acted to abridge Mr. Nader's constitutional rights as alleged. See generally Cummings v. McIntire, 271 F.2d 341, 344 (1st Cir. 2001).

3. The motion of Mr. Vezeris for summary judgment, docket # 61, is DENIED.

4. The motion for summary judgment of the Commission, Mr. Kirk, and Mr. Fahrenkopf, docket # 58, will remain under advisement pending the outcome of the trial against Mr. Vezeris.

The Court reserves its decision on this matter. Should Mr. Nader fail at trial, their motion for summary judgment will be granted a fortiori. Should he succeed, the Court will allow the present summary judgment motion to be supplemented by the trial record and will resolve the motion on the record as supplemented.

Alternatively, the court denies this motion for summary judgment and, in the interests of justice, severs the trial of Mr. Vezeris from that of the other defendants.

SO ORDERED,

*William G. Young*
WILLIAM G. YOUNG
CHIEF JUDGE